**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |  |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § § § § | Case No.: |
| **Plaintiff,** | § § | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | § § | |
| **PLR IP HOLDINGS LLC, PLR ECOMMERCE LLC, PLR BRAND SERVICES LLC;** | § § § § | **JURY TRIAL DEMANDED** |
| **C&A IP HOLDINGS LLC, C&A MARKETING INC., C&A LICENSING LLC;** | § § § | |
| **DRIFT INNOVATION INC., DRIFT INNOVATION LTD.;** | § § § | |
| **AND CONTOUR LLC,** | § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VStream Technologies, LLC ("Plaintiff" or "VStream"), by and through its undersigned counsel, files this Complaint for Patent Infringement against PLR IP Holdings LLC, PLR Ecommerce LLC, PLR Brand Services LLC, C&A IP Holdings LLC, C&A Marketing Inc., C&A Licensing LLC, Drift Innovation Inc., Drift Innovation Ltd., and Contour LLC ("Defendants") as follows:

1

## NATURE OF THE ACTION

1.    This lawsuit pertains to the Defendants' infringement of each of the following U.S. Patents: (1) U.S. Patent No. 6,690,731 titled "Method and Apparatus for Diagonal Processing of Video Data" (the "'731 Patent"); (2) U.S. Patent No. 8,179,971 titled "Method and Apparatus for Video Data Compression" (the "'971 Patent"); (3) U.S. Patent No. 6,850,647 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'647 Patent); (4) U.S. Patent No. 7,627,183 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'183 Patent"); and (5) U.S. Patent No. 7,489,824 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'824 Patent").   Copies of the '731, '971, '647, '183, and '824 Patents are attached to this Complaint as Exhibits A through E, respectively.   This Complaint will refer to the patents asserted in this lawsuit collectively as the "Patents."

## PARTIES

2.    Plaintiff VStream Technologies LLC is a Limited Liability Company organized under the laws of Texas.   VStream is the assignee of all rights, title, and interest in and to the Patents and possesses all rights of recovery under the Patents.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

3.     On information and belief, Defendant PLR IP Holdings LLC is a Delaware limited liability company with its principal place of business at 4350 Baker Road, Minnetonka, Minnesota 55343.   On information and belief, Defendants PLR Ecommerce LLC and PLR Brand Services LLC are Delaware limited liability companies and are affiliates and/or subsidiaries of Defendant PLR IP Holdings LLC.   On information and belief, PLR IP Holdings LLC, PLR Ecommerce LLC, and PLR Brand Services LLC may be served with process by serving their registered agent: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Alternatively, PLR IP Holdings LLC, PLR Ecommerce LLC, and PLR Brand Services LLC can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as their agent for service because, on information and belief, PLR IP Holdings LLC, PLR Ecommerce LLC, and PLR Brand Services LLC engage in business in Texas but have not designated or maintained a resident agent for service of process in Texas as required by statute.  On information and belief, PLR IP Holdings LLC manufactures the products alleged to infringe in this Complaint and/or controls the decisions of PLR Ecommerce LLC and PLR Brand Services LLC to infringe or license the Patents herein as agents of the principal parent company, PLR IP Holdings LLC.  This Complaint will refer to Defendants PLR IP Holdings LLC, PLR Ecommerce LLC, and PLR Brand Services LLC as

3

"Polaroid."  On information and belief, Polaroid is doing business in this judicial district, in Texas, and elsewhere throughout the United States.  Polaroid's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.

4.     On information and belief, Defendant C&A IP Holdings LLC is a Delaware limited liability company with its principal place of business at 2 Bergen Turnpike, Ridgefield Park, New Jersey 07660.   On information and belief Defendants C&A Marketing Inc. and C&A Licensing LLC are affiliated with and/or subsidiaries of C&A IP Holdings LLC.   On information and belief, C&A IP Holdings LLC, C&A Marketing Inc., and C&A Licensing LLC may be served with process by serving their registered agent:  Allstate Corporate Services Corp., 1679 S. Dupont Highway, Suite 100, Dover, Delaware 19901.  Alternatively, C&A IP Holdings LLC, C&A Marketing Inc., and C&A Licensing LLC can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as their agent for service because, on information and belief, C&A IP Holdings LLC, C&A Marketing Inc. and C&A Licensing LLC engage in business in Texas but have not designated or maintained a resident agent for service of process in Texas as required by statute.  On information and belief, C&A IP Holdings LLC manufactures the products alleged to infringe in this Complaint

4

and/or controls the decisions of C&A Marketing Inc. and C&A Licensing LLC to infringe or license the Patents herein as agents of the principal parent company, C&A IP Holdings LLC.  This Complaint will refer to C&A IP Holdings LLC, C&A Marketing Inc. and C&A Licensing LLC as "C&A."  This Complaint will refer to Polaroid and C&A as "the Polaroid Defendants."  On information and belief, C&A is a licensee of Polaroid and sells the Polaroid products accused of infringement in this Complaint under an exclusive license agreement with Polaroid.  On information and belief, C&A is doing business in this judicial district, in Texas, and elsewhere throughout the United States.  For example, on information and belief, C&A operates a "Wolf Camera Ultra" store located at 2401 Preston Road, Plano, Texas 75093.  On information and belief, C&A has offered for sale and sold the Polaroid products accused of infringement in this Complaint in this and other judicial districts for a period not yet known but continuing to this date.

5. On information and belief, Defendant Drift Innovation Inc. is a Delaware corporation.  On information and belief, Drift Innovation Inc. is a wholly-owned subsidiary of Defendant Drift Innovation Ltd., a U.K. limited company with its principal place of business in London, England.  On information and belief, Drift Innovation Inc. may be served by serving its registered agent: Paracorp Incorporated, 2140 S. Dupont Highway, Camden, Delaware 19934.  Alternatively, Drift Innovation Inc. can be served with process by serving the Texas Secretary of

5

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as its agent for service

because, on information and belief, Drift Innovation Inc. engages in business in

Texas but has not designated or maintained a resident agent for service of process

in Texas as required by statute.  On information and belief, Drift Innovation Ltd.

may be served with process by serving its domestic subsidiary, Drift Innovation Inc.

Alternatively, Drift Innovation Ltd. may be served with process in England

pursuant to the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters.  On information and

belief, Drift Innovation Ltd. manufactures the products alleged to infringe in this

Complaint and controls the decisions of Drift Innovation Inc. to infringe or license

the Patents herein as an agent of the principal parent company, Drift Innovation Ltd.

This Complaint will refer to Drift Innovation Inc. and Drift Innovation Ltd. as

"Drift."  On information and belief, Drift is doing business in this judicial district,

in Texas, and elsewhere throughout the United States.  On information and belief,

Drift's products accused of infringement in this Complaint are and have been

offered for sale and sold in this and other judicial districts for a period not yet known

but continuing to this date.

6.    On information and belief, Defendant Contour LLC is a Utah limited

liability company with its principal place of business at 5152 Edgewood Drive,

Suite 375, Provo, Utah 84604.  This Complaint will refer to Contour LLC as

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

"Contour."  On information and belief, Contour may be served with process by serving its registered agent:  Robert P.K. Mooney, 5152 Edgewood Drive, Suite 375, Provo, Utah 84604.  Alternatively, Contour can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as its agent for service because, on information and belief, Contour engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.  On information and belief, Contour is doing business in this judicial district, in Texas, and elsewhere throughout the United States.  Contour's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.  This Court has original and exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.     The Court has personal jurisdiction over each Defendant.  On information and belief, each Defendant has conducted and does conduct business within the State of Texas.  On information and belief, each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), offers

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Texas, and the Eastern District of Texas.  On information and belief, each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.  On information and belief, each Defendant, has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  On information and belief, each Defendant is subject to general and/or specific jurisdiction in this Court.

9.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

10.    Joinder of these Defendants in one action is proper under 35 U.S.C. § 299 because VStream is informed and believes that a substantial number of the products of each Defendant incorporate Ambarella image processing chips.

## FACTUAL BACKGROUND

11.    The Patents are generally directed to methods, systems, apparatus, and articles of manufacture for encoding and decoding signals representative of image and/or video signals (*i.e.*, "video compression" or "video decompression").

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**     Case No.:

12.    Video compression and decompression techniques are used in many industries that involve either the transmission of images from one location to another and/or the manufacture or sale of devices to receive or store image and/or video signals.  These industries include, for example: content providers; cable and satellite companies; teleconferencing providers; television, electronics and smartphone manufacturers; television broadcasters and digital media providers.

13.    Video and/or image signals are encoded (compressed) prior to being stored on a medium or transmitted over a medium.  The image or video signals are decoded (decompressed) when read from the storage medium or received at the other end of a transmission.  The decoding will either recreate the original image and/or video signal in its entirety ("lossless" compression techniques) or will produce a close approximation of the original signal ("lossy" compression techniques).  Compression and decompression techniques reduce the amount of data required to store, transmit, and reproduce image and/or video signals.

14.    Michael Gough is the primary inventor of each of the Patents.  He is a self-made man and prolific inventor.  In 1978, at age seventeen, he began working on technology in the defense industry.  He taught himself computer science and software technology.  He became so adept that in 1987, he caught the attention of a young company in California—Apple.  Gough began work at Apple in January

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

1988.  Over his time at Apple, he was an inventor of fourteen patents assigned to Apple.  Gough worked at Apple until December 1996.

15.     On February 10, 2004, the U.S. Patent and Trademark Office ("USPTO") issued the '731 Patent to Michael L. Gough and James J. Gough. VStream is now the sole owner of the '731 Patent and possesses all rights of recovery under the '731 Patent.

16.     On February 1, 2005, the USPTO issued the '647 Patent to Michael L. Gough and Paul Miner.  VStream is now the sole owner of the '647 Patent and possesses all rights of recovery under the '647 Patent.

17.     On February 10, 2009, the USPTO issued the '824 Patent to Michael L. Gough and Paul Miner.  VStream is now the sole owner of the '824 Patent and possesses all rights of recovery under the '824 Patent.

18.     On December 1, 2009, the USPTO issued the '183 Patent to Michael L. Gough and Paul Miner.  VStream is now the sole owner of the '183 Patent and possesses all rights of recovery under the '183 Patent.

19.     On May 15, 2012, the USPTO issued the '971 Patent to Michael L. Gough and James J. Gough.  VStream is now the sole owner of the '971 Patent and possesses all rights of recovery under the '971 Patent.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent 6,690,731)

20.     VStream refers to and incorporates the allegations of Paragraphs 1-19 above.

21.     The Polaroid Defendants have infringed and continue to infringe one or more claims of the '731 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent, including but not limited to the Polaroid XS100i Action Camera.

22.     On information and belief, the Polaroid Defendants have actively induced infringement of the '731 patent and are liable as infringers under 35 U.S.C. § 271(b).  On information and belief, the Polaroid Defendants' customers use the products accused of infringement herein, including but not limited to the Polaroid XS100i Action Camera, and such use directly infringes the '731 Patent.  At least as of the date of this Complaint, the Polaroid Defendants have knowledge of the Patents and, on information and belief, have knowledge of actual infringement of the Patents by the Polaroid Defendants' customers.  The Polaroid Defendants actively induce infringement by advertising the use of the accused products in an

infringing manner and instructing their customers to use the accused products in an infringing manner.  For example, and without limitation, the user guide for the Polaroid XS100i Action Camera instructs users how to use the camera to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors.  The user guide further instructs customers to use an "auto-rotate" feature that automatically rotates the recorded view.  Polaroid further advertises the XS100i Action Camera as having "G-Sensor (Auto Rotation) for 'which end is up' assurance."  The Polaroid Defendants therefore infringe one or more claims of the '731 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '731 Patent.

23.    Drift has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent, including but not limited to the Drift Stealth 2 and Ghost S cameras.

24.    On information and belief, Drift has actively induced infringement of the '731 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On information and belief, Drift's customers use the products accused of infringement

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

herein, including but not limited to the Drift Stealth and Drift Ghost S cameras, and such use directly infringes the '731 Patent.  At least as of the date of this Complaint, Drift has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Drift's customers.  Drift actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner. For example, and without limitation, the user manual for the Drift Ghost S camera instructs users how to use the accused products to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors.  Drift therefore infringes one or more claims of the '731 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '731 Patent.

25.    Contour has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent, including but not limited to the Contour Roam3 and the Contour+2 cameras.

26.    On information and belief, Contour has actively induced infringement of the '731 patent and is liable as an infringer under 35 U.S.C. § 271(b).  On

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

information and belief, Contour's customers use the products accused of infringement herein, including but not limited to the Contour+2 and Contour Roam3 cameras, and such use directly infringes the '731 Patent.  At least as of the date of this Complaint, Contour has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Contour's customers. Contour actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner.  For example, and without limitation, the user manuals for the Contour Roam3 and Contour+2 cameras instruct users how to use the accused products to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors.  Contour therefore infringes one or more claims of the '731 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '731 Patent.

27.     VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

28.     Each Defendant's infringement of the '731 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent 8,179,971)

29.     VStream refers to and incorporates the allegations of Paragraphs 1-28 above.

30.     The Polaroid Defendants have infringed and continue to infringe one or more claims of the '971 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent, including but not limited to the Polaroid XS100i Action Camera.

31.     On information and belief, the Polaroid Defendants have actively induced infringement of the '971 patent and are liable as infringers under 35 U.S.C. § 271(b).  On information and belief, the Polaroid Defendants' customers use the products accused of infringement herein, including but not limited to the Polaroid XS100i Action Camera, and such use directly infringes the '971 Patent.  At least as of the date of this Complaint, the Polaroid Defendants have knowledge of the Patents and, on information and belief, have knowledge of actual infringement of the Patents by the Polaroid Defendants' customers.  The Polaroid Defendants actively induce infringement by advertising the use of the accused products in an

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

infringing manner and instructing their customers to use the accused products in an infringing manner. For example, and without limitation, the user guide for the Polaroid XS100i Action Camera instructs users how to use the accused products to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors. The user guide further instructs customers to use an "auto-rotate" feature that automatically rotates the recorded view. Polaroid further advertises the XS100i Action Camera as having "G-Sensor (Auto Rotation) for 'which end is up' assurance." The Polaroid Defendants therefore infringe one or more claims of the '971 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '971 Patent.

32.  Drift has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent, including but not limited to the Drift Stealth 2 and Ghost S cameras.

33.  On information and belief, Drift has actively induced infringement of the '971 patent and is liable as an infringer under 35 U.S.C. § 271(b). On information and belief, Drift's customers use the products accused of infringement

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

herein, including but not limited to the Drift Stealth and Drift Ghost S cameras, and such use directly infringes the '971 Patent.  At least as of the date of this Complaint, Drift has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Drift's customers.  Drift actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner. For example, and without limitation, the user manual for the Drift Ghost S camera instructs users how to use the accused products to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors.  Drift therefore infringes one or more claims of the '971 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '971 Patent.

34.     Contour has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent, including but not limited to the Contour Roam3 and the Contour+2 cameras.

35.     On information and belief, Contour has actively induced infringement of the '971 patent and is liable as an infringer under 35 U.S.C. § 271(b).  On

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**         Case No.:

information and belief, Contour's customers use the products accused of infringement herein, including but not limited to the Contour+2 and Contour Roam3 cameras, and such use directly infringes the '971 Patent.  At least as of the date of this Complaint, Contour has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Contour's customers. Contour actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner.  For example, and without limitation, the user manuals for the Contour Roam3 and Contour+2 cameras instruct users how to use the accused products to capture HD video, which uses the image stabilization and dewarping functionality of Ambarella processors.  Contour therefore infringes one or more claims of the '971 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '971 Patent.

36.    VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

37.    Each Defendant's infringement of the '971 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

## THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent 6,850,647)

38.     VStream refers to and incorporates the allegations of Paragraphs 1-37 above.

39.     The Polaroid Defendants have infringed and continue to infringe one or more claims of the '647 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent, including but not limited to the Polaroid XS100i Action Camera.

40.     On information and belief, the Polaroid Defendants have actively induced infringement of the '647 patent and are liable as infringers under 35 U.S.C. § 271(b).  On information and belief, the Polaroid Defendants' customers use the products accused of infringement herein, including but not limited to the Polaroid XS100i Action Camera, and such use directly infringes the '647 Patent.  At least as of the date of this Complaint, the Polaroid Defendants have knowledge of the Patents and, on information and belief, have knowledge of actual infringement of the Patents by the Polaroid Defendants' customers.  The Polaroid Defendants actively induce infringement by advertising the use of the accused products in an

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

infringing manner and instructing their customers to use the accused products in an infringing manner.  For example, and without limitation, the user guide for the Polaroid XS100i Action Camera instructs users how to connect the camera to an HDTV via an HDMI cable and to then playback HD video files on the TV.  The user guide for the Polaroid XS100i Action Camera further states that the camera records video in H.264/MPEG-4 AVC format, the decompression of which by certain techniques infringes the '647 Patent.  Polaroid further advertises the XS100i Action Camera as allowing customers to "watch video in real-time."  The Polaroid Defendants therefore infringe one or more claims of the '647 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '647 Patent.

41.    Drift has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent, including but not limited to the Drift Stealth 2 and Ghost S cameras.

42.    On information and belief, Drift has actively induced infringement of the '647 patent and is liable as an infringer under 35 U.S.C. § 271(b).  On information and belief, Drift's customers use the products accused of infringement

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

herein, including but not limited to the Drift Stealth and Drift Ghost S cameras, and

such use directly infringes the '647 Patent.  At least as of the date of this Complaint,

Drift has knowledge of the Patents and, on information and belief, has knowledge

of actual infringement of the Patents by Drift's customers.  Drift actively induces

infringement by advertising the use of the accused products in an infringing manner

and instructing its customers to use the accused products in an infringing manner.

For example, and without limitation, the user manuals for the Drift Ghost S and

Drift Stealth cameras instructs users how to connect the accused products to a TV

via an HDMI cable and to then playback HD video files on the TV.  The user

manuals for the Drift Ghost S and Drift Stealth cameras further state that the

cameras record video in H.264/MPEG-4 AVC format, the decompression of which

by certain techniques infringes the '647 Patent.  Drift further instructs users how to

watch videos directly from the built in screen on the Ghost S camera.  Drift therefore

infringes one or more claims of the '647 Patent in violation of 35 U.S.C. § 271(b)

by inducing infringement of the '647 Patent.

43.     Contour has infringed and continues to infringe one or more claims of

the '647 Patent, either literally or through equivalents in violation of 35 U.S.C.

§ 271(a) by manufacturing, using, selling, offering to sell, and/or marketing

consumer electronics, including without limitation digital video cameras that

implement the systems, methods, apparatus, and/or articles of manufacture claimed

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

in the '647 Patent, including but not limited to the Contour Roam3 and the Contour+2 cameras.

44.    On information and belief, Contour has actively induced infringement of the '647 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On information and belief, Contour's customers use the products accused of infringement herein, including but not limited to the Contour+2 and Contour Roam3 cameras, and such use directly infringes the '647 Patent.  At least as of the date of this Complaint, Contour has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Contour's customers. Contour actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner.  For example, and without limitation, the user manual for the Contour+2 camera instructs users how to connect the accused products to a TV via an HDMI cable and to then playback HD video files on the TV.  On information and belief, the Contour+2 and Contour Roam3 cameras record video in H.264/MPEG-4 AVC format, the decompression of which by certain techniques infringes the '647 Patent.  Contour therefore infringes one or more claims of the '647 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '647 Patent.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

45.     VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

46.     Each Defendant's infringement of the '647 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent 7,627,183)

47.     VStream refers to and incorporates the allegations of Paragraphs 1-46 above.

48.     The Polaroid Defendants have infringed and continue to infringe one or more claims of the '183 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent, including but not limited to the Polaroid XS100i Action Camera.

49.     On information and belief, the Polaroid Defendants have actively induced infringement of the '183 patent and are liable as infringers under 35 U.S.C. § 271(b).  On information and belief, the Polaroid Defendants' customers use the

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

products accused of infringement herein, including but not limited to the Polaroid

XS100i Action Camera, and such use directly infringes the '183 Patent.  At least as

of the date of this Complaint, the Polaroid Defendants have knowledge of the

Patents and, on information and belief, have knowledge of actual infringement of

the Patents by the Polaroid Defendants' customers.   The Polaroid Defendants

actively induce infringement by advertising the use of the accused products in an

infringing manner and instructing their customers to use the accused products in an

infringing manner.   For example, and without limitation, the user guide for the

Polaroid XS100i Action Camera instructs users how to connect the camera to an

HDTV via an HDMI cable and to then playback HD video files on the TV.   The

user guide for the Polaroid XS100i Action Camera further states that the camera

records video in H.264/MPEG-4 AVC format, the decompression of which by

certain techniques infringes the '183 Patent.  Polaroid further advertises the XS100i

Action Camera as allowing customers to "watch video in real-time."  The Polaroid

Defendants therefore infringe one or more claims of the '183 Patent in violation of

35 U.S.C. § 271(b) by inducing infringement of the '183 Patent.

50.    Drift has infringed and continues to infringe one or more claims of

the '183 Patent, either literally or through equivalents in violation of 35 U.S.C.

§ 271(a) by manufacturing, using, selling, offering to sell, and/or marketing

consumer electronics, including without limitation digital video cameras that

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent, including but not limited to the Drift Stealth 2 and Ghost S cameras.

51.     On information and belief, Drift has actively induced infringement of the '183 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On information and belief, Drift's customers use the products accused of infringement herein, including but not limited to the Drift Stealth and Drift Ghost S cameras, and such use directly infringes the '183 Patent.  At least as of the date of this Complaint, Drift has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Drift's customers.  Drift actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner. For example, and without limitation, the user manuals for the Drift Ghost S and Drift Stealth cameras instructs users how to connect the accused products to a TV via an HDMI cable and to then playback HD video files on the TV.  The user manuals for the Drift Ghost S and Drift Stealth cameras further state that the cameras record video in H.264/MPEG-4 AVC format, the decompression of which by certain techniques infringes the '183 Patent.  Drift further instructs users how to watch videos directly from the built in screen on the Ghost S camera.  Drift therefore

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**        Case No.:

infringes one or more claims of the '183 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '183 Patent.

52.     Contour has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent, including but not limited to the Contour Roam3 and the Contour+2 cameras.

53.     On information and belief, Contour has actively induced infringement of the '183 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On information and belief, Contour's customers use the products accused of infringement herein, including but not limited to the Contour+2 and Contour Roam3 cameras, and such use directly infringes the '183 Patent.   At least as of the date of this Complaint, Contour has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Contour's customers. Contour actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner.   For example, and without limitation, the user manual for the Contour+2 camera instructs users how to connect the accused

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

products to a TV via an HDMI cable and to then playback HD video files on the TV.  On information and belief, the Contour+2 and Contour Roam3 cameras record video in H.264/MPEG-4 AVC  format, the decompression of which by certain techniques infringes the '183 Patent.  Contour therefore infringes one or more claims of the '183 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '183 Patent.

54.     VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

55.     Each Defendant's infringement of the '183 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent 7,489,824)

56.     VStream refers to and incorporates the allegations of Paragraphs 1-55 above.

57.     The Polaroid Defendants have infringed and continue to infringe one or more claims of the '824 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent, including but not limited to the Polaroid XS100i Action Camera.

58.    On information and belief, the Polaroid Defendants have actively induced infringement of the '824 patent and are liable as infringers under 35 U.S.C. § 271(b).  On information and belief, the Polaroid Defendants' customers use the products accused of infringement herein, including but not limited to the Polaroid XS100i Action Camera, and such use directly infringes the '824 Patent.  At least as of the date of this Complaint, the Polaroid Defendants have knowledge of the Patents and, on information and belief, have knowledge of actual infringement of the Patents by the Polaroid Defendants' customers.  The Polaroid Defendants actively induce infringement by advertising the use of the accused products in an infringing manner and instructing their customers to use the accused products in an infringing manner.  For example, and without limitation, the user guide for the Polaroid XS100i Action Camera instructs users how to connect the camera to an HDTV via an HDMI cable and to then playback HD video files on the TV.  The user guide for the Polaroid XS100i Action Camera further states that the camera records video in H.264/MPEG-4 AVC format, the decompression of which by certain techniques infringes the '824 Patent.  Polaroid further advertises the XS100i Action Camera as allowing customers to "watch video in real-time."  The Polaroid

28

Defendants therefore infringe one or more claims of the '824 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '824 Patent.

59.     Drift has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, selling, offering to sell, and/or marketing consumer electronics, including without limitation digital video cameras that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent, including but not limited to the Drift Stealth 2 and Ghost S cameras.

60.     On information and belief, Drift has actively induced infringement of the '824 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On information and belief, Drift's customers use the products accused of infringement herein, including but not limited to the Drift Stealth and Drift Ghost S cameras, and such use directly infringes the '824 Patent.   At least as of the date of this Complaint, Drift has knowledge of the Patents and, on information and belief, has knowledge of actual infringement of the Patents by Drift's customers.   Drift actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner. For example, and without limitation, the user manuals for the Drift Ghost S and Drift Stealth cameras instructs users how to connect the accused products to a TV

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

via an HDMI cable and to then playback HD video files on the TV.   The user

manuals for the Drift Ghost S and Drift Stealth cameras further state that the

cameras record video in H.264/MPEG-4 AVC format, the decompression of which

by certain techniques infringes the '824 Patent.  Drift further instructs users how to

watch videos directly from the built in screen on the Ghost S camera.  Drift therefore

infringes one or more claims of the '824 Patent in violation of 35 U.S.C. § 271(b)

by inducing infringement of the '824 Patent.

61.    Contour has infringed and continues to infringe one or more claims of

the '824 Patent, either literally or through equivalents in violation of 35 U.S.C.

§ 271(a) by manufacturing, using, selling, offering to sell, and/or marketing

consumer electronics, including without limitation digital video cameras that

implement the systems, methods, apparatus, and/or articles of manufacture claimed

in the '824 Patent, including but not limited to the Contour Roam3 and the

Contour+2 cameras.

62.    On information and belief, Contour has actively induced infringement

of the '824 patent and is liable as an infringer under 35 U.S.C. § 271(b).   On

information and belief, Contour's customers use the products accused of

infringement herein, including but not limited to the Contour+2 and Contour Roam3

cameras, and such use directly infringes the '824 Patent.  At least as of the date of

this Complaint, Contour has knowledge of the Patents and, on information and

belief, has knowledge of actual infringement of the Patents by Contour's customers. Contour actively induces infringement by advertising the use of the accused products in an infringing manner and instructing its customers to use the accused products in an infringing manner.  For example, and without limitation, the user manual for the Contour+2 camera instructs users how to connect the accused products to a TV via an HDMI cable and to then playback HD video files on the TV.  On information and belief, the Contour+2 and Contour Roam3 cameras record video in H.264/MPEG-4 AVC  format, the decompression of which by certain techniques infringes the '824 Patent.  Contour therefore infringes one or more claims of the '824 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement of the '824 Patent.

63.     VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

64.     Each Defendant's infringement of the '824 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## **JURY DEMAND**

65.     VStream demands a trial by jury on all issues.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.:

## **PRAYER FOR RELIEF**

Plaintiff VStream Technologies LLC respectfully requests this Court to enter judgment in its favor against each Defendant and grant the following relief:

A.     An adjudication that each Defendant has infringed and continues to infringe claims of the '731, '971, '647, '183, and '824 Patents;

B.     An award of damages to VStream adequate to compensate for each Defendant's acts of infringement together with prejudgment interest;

C.     An award of VStream's costs of suit and reasonable attorneys' fees as permitted under 35 U.S.C. § 285, or as otherwise permitted by law;

D.     A grant of permanent injunction in accordance with 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement; and

E.     For any further relief that this Court deems just and proper.


Dated: November 11, 2015                    Respectfully submitted,

**KYLE HARRIS LLP**

*/s/ John S. Kyle*

John S. Kyle
Lead Attorney
California State Bar No. 199196
jkyle@klhipbiz.com
450 B St., Suite 1410
San Diego, CA. 92101
Telephone: (619) 600-0644

**ATTORNEYS   FOR   VSTREAM TECHNOLOGIES LLC**

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**          Case No.: