**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-974** |
| | § | **(Lead)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PLR IP HOLDINGS LLC, PLR** | § | |
| **ECOMMERCE LLC, PLR BRAND** | § | |
| **SERVICES LLC;** | § | |
| | § | |
| **C&A IP HOLDINGS LLC, C&A** | § | |
| **MARKETING INC., C&A LICENSING** | § | |
| **LLC;** | § | |
| | § | |
| **DRIFT INNOVATION INC., DRIFT** | § | |
| **INNOVATION LTD.;** | § | |
| | § | |
| **AND CONTOUR LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-976** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MOTOROLA MOBILITY LLC;** | § | |
| | § | |
| **BLACKBERRY LIMITED, AND** | § | |
| | § | |
| **BLACKBERRY CORP.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-977** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RICOH IMAGING AMERICAS** | § | |

| CORPORATION, RICOH AMERICAS | § |
| CORPORATION, RICOH USA INC., | § |
| RICOH IMAGING COMPANY LTD., AND | § |
| RICOH COMPANY LTD., | § |
| | § |
| **Defendants.** | § |

## PROTECTIVE ORDER

WHEREAS, Plaintiff VStream Technologies, LLC ("Plaintiff") and Defendants PLR IP Holdings, LLC, PLR Ecommerce, LLC, PLR Brand Services, LLC; C&A IP Holdings, LLC, C&A Marketing, Inc., C&A Licensing, LLC; Drift Innovation Inc., Drift Innovation Ltd., Contour LLC, Motorola Mobility LLC, Blackberry Limited, Blackberry Corp., Ricoh Imaging Americas Corporation, Ricoh Americas Corporation, Ricoh USA Inc., Ricoh Imaging Company Ltd., and Ricoh Company Ltd. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows:   "CONFIDENTIAL," "RESTRICTED –
ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."
The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or
"RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page
of the Protected Material (except deposition and hearing transcripts) for which such
protection is sought, or for electronically stored information produced natively, in the file
name of the native electronic file.   For deposition and hearing transcripts, the words
"CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or
"RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of
the transcript (if not already present on the cover page of the transcript when received from
the court reporter) by each attorney receiving a copy of the transcript after that attorney
received notice of the designation of some or all of the transcript as "CONFIDENTIAL,"
"RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE."

2.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this
Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only"
shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES
ONLY" under this Order, unless and until such document is redesignated to have a
different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL,
"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL")[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (*i.e.,* "CONFIDENTIAL," RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 12 herein:

a.      outside counsel of record in this Action for the Parties;

b.      employees of such outside counsel assigned to and reasonably necessary to assist

such counsel in the litigation of this Action;

c.      in-house counsel for the Parties who either have responsibility for making

decisions dealing directly with the litigation of this Action, or who are assisting

outside counsel in the litigation of this Action;

d.      up to and including three (3) designated representatives of each of the Parties to the

extent reasonably necessary for the litigation of this Action, except that either party

may in good faith request the other party's consent to designate one or more

additional representatives, the other party shall not unreasonably withhold such

consent, and the requesting party may seek leave of Court to designate such

additional representative(s) if the requesting party believes the other party has

unreasonably withheld such consent.  Each designated representative shall sign an

Undertaking (in the form of Exhibit A hereto) acknowledging that he or she has

received a copy of, has read, and has agreed to be bound by this Order.  The signed

Undertaking for each designated representative shall be maintained by counsel for

the Party;

e.      outside consultants or experts (*i.e.,* not existing employees or affiliates of a Party or

an affiliate of a Party) retained for the purpose of this litigation, provided that: (1)

such consultants or experts are not presently employed by the Parties hereto for

purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit B hereto and the same is served upon the producing Party  at least ten (10) calendar days before access to the Protected Material is to be given to that consultant or expert, along with (i) a current curriculum vitae of the consultant or expert; and (ii) a list of all other cases in which the consultant or expert has testified (at trial or deposition) within the last four years, all companies for which the individual has provided consulting services within the last four years, either directly or through a consulting firm, and all companies by which the individual has been employed within the last four years.  Within ten (10) days of any disclosure set forth in the preceding sentence, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

f.     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g.     the Court and its personnel.

h.     To the extent that a party wishes to disclose DESIGNATED MATERIAL on a confidential basis to vendors or suppliers of components incorporated into products accused of infringement, for the sole purpose of indemnity discussions, the Producing Party agrees to meet and confer with that party regarding such disclosure.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.      For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (f-h).

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a.      Access to a Party's Source Code Material shall be provided only on two "standalone" password-protected computer(s) in a secured room (*i.e.*, computers that may be networked together by a private wired network, but that are not connected to any other network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers) that each contain a set of the Party's Source Code Material that is being made available for inspection. The stand-alone computer(s) may be connected only to a printer provided by the producing Party solely for the limited purposes permitted pursuant to paragraphs 10(k) and 10(n) below.  The stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel, or at a mutually-agreed upon office.  The stand-alone computer will be placed in a secured room at the review location ("Source Code Review Room");

b.      The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m..  A list of names of persons

who will inspect the Source Code Material will be provided to the producing Party at the time of request for access.   However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.  Proper identification of all authorized persons shall be provided prior to any access to the secure room with the stand-alone computer(s).   Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship.   Access to the secure room with the stand-alone computer(s) may be denied, at the discretion of producing Party, to any individual who fails to provide proper identification.   Access may not be unreasonably withheld;

d.  The receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.   No recordable media or recording devices, including without limitation sound recorders, video recorders, computers (including, *e.g.*, desktops, laptops, handhelds, tablets, wearables such as Google Glass, etc.), cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.   The receiving Party's outside counsel and/or experts shall be entitled to

take notes relating to the Source Code Material but may not copy substantial portions of the Source Code Material into the notes and may not take such notes electronically on the stand-alone computer(s) or any other computer.  For the purposes of the foregoing sentence, twenty-three or more lines of code are "substantial."  To the extent a receiving Party makes a reasonable written request for copying additional lines of code, the Parties shall meet and confer in good faith and such a request will not be unreasonably refused.  All persons entering the secured room containing the Source Code Material must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room.  Counsel of record for the producing Party or an employee working for or on behalf of counsel may be present in the room during receiving Party's use of the stand-alone computer(s) and inspection, review and printing of the Source Code Material, but will not monitor, listen in on, or otherwise inhibit the receiving Party's privileged communications in the room, and the producing Party's presence in the room will not be deemed to cause any waiver or other loss of any privilege covering such communications;

e.   Prior to the first inspection of any requested Source Code Material, the receiving Party shall provide ten (10) days' notice that it wishes to inspect source code and provide the identity of all persons who intend to review such Source Code Material. The receiving Party shall provide three (3) days' notice prior to any additional inspections, unless the inspection is sought outside of normal business hours (as defined in paragraph 10(c), in which case the receiving Party shall provide seven (7) days' notice);

f.      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

g.      The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

h.      Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.,* not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(f) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing excerpts of Source Code Material ("Source Code Documents") are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

i.      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

j.     Source Code Material produced according to this paragraph shall not be made computer executable without prior written consent of the producing Party.  Except as set forth in paragraph 10(n) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

k.     The receiving Party shall print only such portions of the source code, including lists of source code filenames and directory structures, as are reasonably necessary from the standalone computer(s) onto pre-printed Bates-labeled paper that bears the legend "RESTRICTED CONFIDENTIAL SOURCE CODE."  Absent written approval by the producing Party, the receiving Party shall not print more than twenty (20) consecutive pages and no more than three hundred seventy-five (375) pages in total.  In the event the above page limits are inadequate for the receiving Party for a specific need, the Parties agree to negotiate in good faith to establish reasonable limits on the number of consecutive pages and the number of total pages for that specific need.  The receiving Party shall not request printed Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary at depositions or to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  The producing party shall bates number and label "RESTRICTED

CONFIDENTIAL SOURCE CODE" any pages printed by the receiving Party, and the receiving Party shall maintain a log of all such files that are printed or photocopied;

l.  Should such printouts be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

m.  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall make no more than four (4) photocopies of the printouts, and ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  A log shall be kept by the receiving Party of all photocopies made pursuant to this paragraph, identifying the specific Source Code Material photocopied, the date each photocopy was made, the identity of the person to whom each photocopy was furnished, and the date the photocopy was returned, destroyed or otherwise disposed of.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.,* a hotel prior to a Court proceeding or deposition);

n.  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(h) above

to another person authorized under paragraph 10(h) above, on paper or on password protected removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick"), or as otherwise agreed to by the Parties via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(m) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

o.    The receiving party shall keep a log including: (a) the custodian of each copy of any Source Code Material, including any photocopies made pursuant to paragraph 10(m); (b) the name of all persons accessing the Source Code Material; and (c) the dates on which each custodian receives or returns the Source Code Material. Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving Party must serve upon the producing Party the log and, at the producing Party's option, either serve upon the producing Party, or certify the destruction of, all copies of the producing Party's Source Code Material.  In addition, all persons to whom the copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were returned to the counsel who provided them the information and that they will make no use of the Source Code Material or of any knowledge gained from the Source Code Material in any future endeavor;

p.  No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order.  No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order;

q.  Diagnostic software may be used to perform searches of the source code, however, no portions of the source code may be downloaded.  The parties agree to meet-and-confer as to what diagnostic software tools will or may be installed on the secure computer and the reimbursement or payment for costs thereof at least seven (7) days in advance of the source code inspection, and consent to the use of particular diagnostic software tools shall not be unreasonably withheld.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application or in amendments to claims in connection with any post-grant proceedings pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  For avoidance of doubt, these prohibitions are not intended to and shall not preclude counsel for the parties from participating in proceedings challenging the validity of the Patents-in-Suit or of any other patent, such as

reexamination, inter partes review, or covered business method review proceedings, provided that such counsel does not draft or provide advice regarding amendments to claims.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing.  Within five (5) business days of receipt of this notice, the recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages also containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  No use shall be made of such documents or information during depositions, through motion practice, or at trial.

In the case of such returned production, the Producing Party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party.  The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure, the Local Rules, or any Standing Orders or General Orders of this Court.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any non-privileged DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a

Party (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of seven (7) calendar days after the date of the deposition or hearing, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY.  Subsequent to that initial seven (7) calendar day period and for the remainder of the thirty (30) calendar day period discussed above, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL" unless otherwise designated.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with

the Court or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) calendar days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert and their non-clerical direct reports or other support personnel to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Exhibit B.

Nothing in this Order shall preclude outside consultants from consulting in future litigation, so long as such consulting does not involve use of any DESIGNATED MATERIAL such outside consultants reviewed.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) calendar days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within thirty (30) calendar days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return

or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.  Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.  Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or

entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 15th day of March, 2016.**


_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Patrick C. Clutter, IV
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Jonathan E. Retsky
Illinois State Bar No. 6201846
Sarah J. Kalemeris
Illinois State Bar No. 6303644
James Winn
Illinois State Bar No. 6307338
jretsky@winston.com
skalemeris@winston.com
jwinn@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Andrew R. Sommer
Virginia Bar No. 70304
asommer@winston.com
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

**ATTORNEYS FOR DEFENDANT
MOTOROLA MOBILITY LLC**

/s/   _____

E. Leon Carter
  Texas State Bar No. 03914300
  lcarter@carterscholer.com
John S. Torkelson
  Texas State Bar No. 00795154
  jtorkelson@carterscholer.com
CARTER SCHOLER ARNETT HAMADA &
MOCKLER PLLC
8150 N. Central Expressway
Suite 500
Dallas, TX 75206
Tel: 214-550-8188
Fax: 214-550-8185

James R. Asperger (*pro hac vice* pending)
  jimasperger@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (*pro hac vice*)
  kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: 650-801-5000
Facsimile: 650-801-5100

Eric Huang (*pro hac vice*)
  erichuang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Telephone: 212-849-7000
Facsimile: 212-849-7100

**ATTORNEYS FOR DEFENDANTS
BLACKBERRY LIMITED & BLACKBERRY
CORP.**

*/s/*
Melissa R. Smith
State Bar No. 24001351
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Email: melissa@gillamsmithlaw.com

Russell E. Levine, P.C.
Illinois State Bar No. 6193834
Kirkland & Ellis, LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200
Email: russell.levine@kirkland.com

**ATTORNEYS FOR DEFENDANTS
PLR IP HOLDINGS, LLC, PLR
ECOMMERCE, LLC, PLR BRAND
SERVICES, LLC, C&A IP HOLDINGS, LLC,
C&A LICENSING, LLC, AND C&A
MARKETING, INC.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-974** |
| | § | **(Lead)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PLR IP HOLDINGS LLC, PLR ECOMMERCE LLC, PLR BRAND SERVICES LLC;** | § | |
| | § | |
| | § | |
| | § | |
| **C&A IP HOLDINGS LLC, C&A MARKETING INC., C&A LICENSING LLC;** | § | |
| | § | |
| | § | |
| | § | |
| **DRIFT INNOVATION INC., DRIFT INNOVATION LTD.;** | § | |
| | § | |
| | § | |
| **AND CONTOUR LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-976** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MOTOROLA MOBILITY LLC;** | § | |
| | § | |
| **BLACKBERRY** | § | |
| | § | |
| **LIMITED, AND BLACKBERRY CORP.,** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-977** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RICOH IMAGING AMERICAS** | § | |

| | |
|---|---|
| **CORPORATION, RICOH AMERICAS** | § |
| **CORPORATION, RICOH USA INC.,** | § |
| **RICOH IMAGING COMPANY LTD., AND** | § |
| **RICOH COMPANY LTD.,** | § |
| | § |
| **Defendants.** | § |

**EXHIBIT A**
**UNDERTAKING OF DESIGNATED REPRESENTATIVES**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.  My current

employer   is   _____.     My   current

occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL" that is disclosed

to me.

4.    Promptly upon termination of this Action, termination of this Action with respect to the

party by whom I was designated, or upon termination of my participation in this Action

(whichever  is  sooner),  I  will  return  all  documents  and  things  designated  as

"CONFIDENTIAL" that came into my possession, and all documents and things that I

have  prepared  relating  thereto,  to  the  outside  counsel  for  the  party  by  whom  I  am

employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature  _____

Date  _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-974** |
| | § | **(Lead)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PLR IP HOLDINGS LLC, PLR** | § | |
| **ECOMMERCE LLC, PLR BRAND** | § | |
| **SERVICES LLC;** | § | |
| | § | |
| **C&A IP HOLDINGS LLC, C&A** | § | |
| **MARKETING INC., C&A LICENSING** | § | |
| **LLC;** | § | |
| | § | |
| **DRIFT INNOVATION INC., DRIFT** | § | |
| **INNOVATION LTD.;** | § | |
| | § | |
| **AND CONTOUR LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-976** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MOTOROLA MOBILITY LLC;** | § | |
| | § | |
| **BLACKBERRY** | § | |
| | § | |
| **LIMITED, AND BLACKBERRY CORP.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **VSTREAM TECHNOLOGIES, LLC,** | § | **Case No. 6:15-cv-977** |
| | § | **(Consolidated)** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |

|  |  |  |
|---|---|---|
| **v.** | § | |
| | § | |
| **RICOH IMAGING AMERICAS** | § | |
| **CORPORATION, RICOH AMERICAS** | § | |
| **CORPORATION, RICOH USA INC.,** | § | |
| **RICOH IMAGING COMPANY LTD., AND** | § | |
| **RICOH COMPANY LTD.,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT B

## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.  My current employer is _____.  My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for the

party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

6.      I declare under penalty of perjury that the foregoing is true and correct.


Signature  _____

Date  _____